UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

ANUJ KAPOOR,                )
                                   )
            Plaintiff,       )
                                   )
-vs-                         )     Case No.: 18-cv-00320-JJM-LDA
                                   )
INFOSYS LIMITED,        )
                                   )
            Defendant.    )

**DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

      Defendant Infosys Limited ("Infosys"), by and through its attorneys, state and allege as follows:

**PARTIES**

      1.      Plaintiff is an individual who resides at 26 Belden Avenue, Unit 1435, Norwalk, CT.

      **ANSWER**:    Defendant admits the allegations in Paragraph 1 of the Complaint.

      2.      Defendant is a foreign corporation with a principal address of 6100 Tennyson Parkway, Suite 200, Plano, TX 75024 and its Registered Agent is CT Corporation System, 450 Veterans Memorial Parkway, Suite 7A, East Providence, RI 02914. Defendant is a global software consultation firm.

      **ANSWER**:    Defendant admits that its registered agent in Rhode Island is CT Corporation System, located at 450 Veterans Memorial Parkway, Suite 7A, East Providence, RI 02914, admits that one of its services is software development and maintenance, and denies the remaining allegations in Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1332, and 29 U.S.C. § 2617(a)(2).

**ANSWER**:      Defendant admits that jurisdiction before this Court is proper pursuant to 28 U.S.C. §§ 1332 and 1441, as set forth in Defendant's Notice of Removal (ECF. No. 1), and denies the remaining allegations in Paragraph 3 of the Complaint.

4.      Venue is appropriate because the complained-of conduct occurred here.

**ANSWER**:      Defendant admits that venue before this Court is proper pursuant to 28 U.S.C. § 1441, as set forth in Defendant's Notice of Removal (ECF. No. 1).

## FACTS

5.      Plaintiff has worked as a non-exempt hourly waged employee for Defendant since June of 2008.

**ANSWER**:      Defendant admits that during the applicable statutory time period of this case, Plaintiff worked as a non-exempt hourly waged employee for Defendant.  Defendant denies the remaining allegations in Paragraph 5 of the Complaint.

6.      Defendant generally enters into agreements with companies and agrees to provide them with staffing.

**ANSWER**:      Defendant admits that it provides a variety of information technology-related solutions to clients pursuant to agreements and as part of some of these agreements, Infosys employees work at client sites.  Defendant denies the remaining allegations in Paragraph 6 of the Complaint.

US.119142620.04

7.     Most of Defendant's employees are non-immigrant visa-holders which Defendant supplies to American companies.

**ANSWER**:     Defendant denies the allegations in Paragraph 7 of the Complaint.

8.     Defendant generally enters into two types of projects with such companies: fixed price projects and time and material projects.

**ANSWER**:     Defendant admits that two of the pricing models it uses with its clients can be generally described as "fixed price," meaning the client pays a set price for set performance, and "time and material," meaning the client pays for the work as it proceeds.  To the extent further response is needed, Defendant states that Paragraph 8 of the Complaint lacks sufficient detail for Defendant to determine whether it has knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations, and denies the allegations in Paragraph 8 accordingly.

9.     In connection with a fixed price project, the client is billed at a fixed agreed-upon price regardless of how many employees are assigned to the project and how many hours those employees work.

**ANSWER**:     Defendant admits that a fixed price project can be generally described as the client being billed a fixed-price.  To the extent further response is needed, Defendant states that Paragraph 9 of the Complaint lacks sufficient detail for Defendant to determine whether it has knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations, and denies the allegations in Paragraph 9 accordingly.

10.     In connection with a time and material project, the client is billed at a set hourly rate for each employee that performs work on the project.

**ANSWER**: Defendant admits that a "time and material project" can be generally described as the client being billed at an hourly rate for the work performed. To the extent further response is needed, Defendant states that Paragraph 10 of the Complaint lacks sufficient detail for Defendant to determine whether it has knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations, and denies the allegations in Paragraph 10 accordingly.

11. Defendant is paid an hourly rate per employee it provides and then pays the employee a lower hourly rate in order to realize profit.

**ANSWER**: Defendant denies the allegations in Paragraph 11 of the Complaint.

12. CVS Health ("CVS") procured the services of Defendant for a time and material project.

**ANSWER**: Defendant admits that CVS Health ("CVS") has procured its services for certain projects. To the extent further response is needed, Defendant states that Paragraph 12 of the Complaint lacks sufficient detail for Defendant to determine whether it has knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations, and denies the allegations in Paragraph 12 accordingly.

13. Pursuant to the agreement(s) between Defendant and CVS, Defendant would bill CVS for the staffing services they provided on an hourly basis.

**ANSWER**: Defendant states that Paragraph 13 of the Complaint lacks sufficient detail for Defendant to determine whether it has knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations, and denies the allegations in Paragraph 13 accordingly.

14. From 2008 through 2012, Plaintiff worked in India.

US.119142620.04

**ANSWER**:    Defendant admits the allegations in Paragraph 14 of the Complaint.

15.    In September of 2012, Plaintiff was granted an H-1B visa and placed at CVS in Woonsocket, RI as computer analyst and, eventually, technical lead.

**ANSWER**:    Defendant admits that in September 2012 it assigned Plaintiff to a CVS project in Woonsocket, Rhode Island as a computer analyst and Plaintiff had an H-1B Visa Defendant further admits that Plaintiff became a technical lead in August 2014.  Defendant denies the remaining allegations in Paragraph 15 of the Complaint.

16.    At all relevant times through June of 2017, Plaintiff was an employee of Defendant.

**ANSWER**:    Defendant admits the allegations in Paragraph 16 of the Complaint.

17.    Plaintiff was generally supposed to work five days per week, eight hours per day, for a total of forty hours per week, at CVS.

**ANSWER**:    Defendant states that Paragraph 17 of the Complaint lacks sufficient detail for Defendant to determine whether it has knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations, and denies the allegations in Paragraph 17 accordingly.

18.    Pursuant to the agreement between Defendant and CVS, CVS provided Defendant with a list of projects and the total weekly hours for which they were willing to pay in connection with each project.

**ANSWER**:    Defendant admits that Defendant and CVS generally agreed to the services, functions and responsibilities for certain projects.  To the extent further response is needed, Defendant states that Paragraph 18 of the Complaint lacks sufficient detail for Defendant

to determine whether it has knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations, and denies the allegations in Paragraph 18 accordingly.

19.     The CVS Resource Manager would allocate hours to each project team member each week.

**ANSWER**:     Defendant denies the allegations in Paragraph 19 of the Complaint.

20.     The number of hours allocated per employee provided by Defendant was never greater than forty per week. As such, CVS generally refused to be billed for overtime wages.

**ANSWER**:     Defendant admits that it had a variety of projects with CVS, and on some of those projects, CVS did not give an advance agreement to pay all overtime wages. Defendant denies the remaining allegations in Paragraph 20 of the Complaint.

21.     This agreement was reached despite the fact that both CVS and Defendant were well aware that Defendant's employees would necessarily have to work more than forty hours per week because some of the work (e.g., the deploying of new code) would have to be done outside of the employee's normal forty-hour work schedule, usually around midnight.

**ANSWER**:     Defendant denies the allegations in Paragraph 21 of the Complaint.

22.     Defendant's employees, including Plaintiff, were generally required to work hours in addition to those worked on CVS's premises.

**ANSWER**:     Defendant states that Paragraph 22 of the Complaint lacks sufficient detail for Defendant to determine whether it has knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations, and denies the allegations in Paragraph 22 accordingly.

US.119142620.04

23.     For example, Defendant would require employees, including Plaintiff, to participate in mandatory telephone conference calls (generally 1-2 per week) with various team members, including members in India.

**ANSWER**:     Defendant admits that, at times, Plaintiff participated in telephone calls with team members, including members in India.   Defendant denies the remaining allegations in Paragraph 23 of the Complaint.

24.     Due to the time difference, these calls often took place at midnight or in the early morning hours and would last for at least one hour.

**ANSWER**:     Defendant admits Plaintiff participated in telephone calls and that some of these calls generally took place after Plaintiff departed CVS' premises.  Defendant denies the remaining allegations in Paragraph 24 of the Complaint.

25.     Defendant also required employees, including Plaintiff, to participate in mandatory internal trainings and evaluation meetings; and perform specific tasks for the benefit of Defendant separate and apart from their CVS-related duties.

**ANSWER**:     Defendant admits that Plaintiff was required, at times, to perform Infosys-related tasks beyond the scope of his specific obligations with respect to CVS matters, and denies the remaining allegations in Paragraph 25 of the Complaint.

26.     Because Plaintiff worked eight hours per day at CVS, these duties took place at night, in the early morning or on the weekends at Plaintiff's home.

**ANSWER**:     Defendant admits that, at times, Plaintiff performed some work outside of CVS' premises.  Defendant denies the remaining allegations in Paragraph 26 of the Complaint.

US.119142620.04

27.     The existence of these non-client-related obligations is evidenced by the fact that employees, including Plaintiff; were provided with Defendant-issued laptops in addition to their CVS-issued laptops and Defendant reimbursed employees between $30 and $60 per month toward home internet costs.

**ANSWER**:     Defendant denies the allegations in Paragraph 27 of the Complaint.

28.     The level of reimbursement was based upon whether the employee at issue was responsible for deploying code to the CVS production environment at midnight and/or providing related support services off-hours.

**ANSWER**:     Defendant admits that the amount of reimbursement an employee receives is dependent upon whether the employee is considered "Production Support" or "Non Production Support." Defendant denies the allegations in Paragraph 28 of the Complaint.

29.     Due to Plaintiff's significant off-hour job duties including the deployment of code and support services, in 2015, Plaintiff began being reimbursed $60 per month for his home internet service fees after having been reimbursed $30 per month for such fees.

**ANSWER**:     Defendant admits that Plaintiff received reimbursement for his home internet service.  Defendant denies the remaining allegations in Paragraph 29 of the Complaint.

30.     Again, this was because employees, including Plaintiff, were required to perform CVS and non-CVS-related work from home outside of their eight-hour shifts at CVS.

**ANSWER**:     Defendant denies the allegations in Paragraph 30 of the Complaint.

31.     Plaintiff was required to fill out two time sheets, one for his work at CVS and the other for all total hours worked for Defendant, including the hours worked at CVS.

**ANSWER**:     Defendant admits the allegations in Paragraph 31 of the Complaint.

US.119142620.04

32.     When he first started working at CVS, Plaintiff entered forty hours on his CVS timesheet but added an additional 1.5 hours of overtime work he performed on his other timesheet.

**ANSWER**:     Defendant states that it lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in Paragraph 32 of the Complaint, and denies same accordingly.

33.     Plaintiff was quickly told by his manager, Pramod Francis, that while he would approve the 1.5 hours of overtime this time, because CVS was not willing to pay overtime wages, Plaintiff could not submit a timesheet with overtime on it in the future.

**ANSWER**:     Defendant denies the allegations in Paragraph 33 of the Complaint.

34.     Plaintiff was told that if he did submit such a timesheet in the future, he would be disciplined.

**ANSWER**:     Defendant denies the allegations in Paragraph 34 of the Complaint.

35.     This was Defendant's policy even though the work Plaintiff performed over and above his forty CVS hours was mandatory and expected.

**ANSWER**:     Defendant denies the allegations in Paragraph 35 of the Complaint.

36.     Soon thereafter, Plaintiff received overtime wages for the 1.5 hours of overtime work.

**ANSWER**:     Defendant states that it paid Plaintiff overtime wages during Plaintiff's employment.  Defendant further states that it lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's remaining allegations in Paragraph 36 of the Complaint, and denies same accordingly.

37.     Despite the Defendant's policy, Plaintiff, on at least two other occasions, sought to enter a timesheet with weekly hours above forty listed.

US.119142620.04

**ANSWER**: Defendant states it lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in Paragraph 37 of the Complaint, and denies same accordingly.

38. Upon entry of these timesheets, Plaintiff was given a warning and was told that there was no management approval for overtime and his timesheets were returned for re- entry.

**ANSWER**: Defendant denies the allegations in Paragraph 38 of the Complaint.

39. Again, this was despite the fact that Plaintiff was routinely forced to work overtime by his managers.

**ANSWER**: Defendant denies the allegations in Paragraph 39 of the Complaint.

40. Defendant's policies and procedures also resulted in Plaintiff not being paid for non-overtime work performed.

**ANSWER**: Defendant denies the allegations in Paragraph 40 of the Complaint.

41. Because CVS timesheets were submitted in the beginning of the workweek and non-CVS timesheets were submitted after the workweek, on at least one occasion when Plaintiff had a planned but ultimately terminated vacation, his CVS timesheet stated an artificially low number of hours that conflicted with his non-CVS timesheet that accurately reported his hours.

**ANSWER**: Defendant states that it lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in Paragraph 41 of the Complaint, and denies same accordingly.

42. The software overwrote his non-CVS timesheet with his CVS timesheet hours.

**ANSWER**: Defendant denies the allegations in Paragraph 42 of the Complaint.

US.119142620.04

43.     As such, months after he had already been paid according to his non-CVS timesheet, Defendant sent threatening correspondence to Plaintiff demanding the return of alleged overpayment of wages.

**ANSWER**:     Defendant denies the allegations in Paragraph 43 of the Complaint.

44.     Plaintiff immediately took steps to explain that his non-CVS timesheet (which accurately stated his hours worked) had been overwritten by the inaccurate CVS timesheet.

**ANSWER**:     Defendant denies the allegations in Paragraph 44 of the Complaint.

45.     Plaintiff was harassed regarding this issue for approximately three years before it was finally resolved and a similar issue took place yet again six months after he stopped working for Defendant.

**ANSWER**:     Defendant denies the allegations in Paragraph 45 of the Complaint.

46.     In addition, on certain occasions, Plaintiff, and other employees of Defendant, would work a partial day on location at CVS for some reason and would therefore accurately report the reduced hours in his CVS timesheet.

**ANSWER**:     Defendant states that it lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in Paragraph 46 of the Complaint, and denies same accordingly.

47.     However, due to the additional hours worked as detailed herein either for CVS or for non-CVS related business, Plaintiff would submit a forty-hour Infosys timesheet (even if the total time worked was greater than forty hours).

**ANSWER**:     Defendant states that it lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in Paragraph 47 of the Complaint, and denies same accordingly.

48.     In these instances, Plaintiff's manager would automatically reduce his Infosys timesheet to match the CVS timesheet.

**ANSWER**:     Defendant denies the allegations in Paragraph 48 of the Complaint.

49.     Therefore, despite working over forty hours that week, Plaintiff would only be paid for the number of hours worked at CVS's location.

**ANSWER**:     Defendant denies the allegations in Paragraph 49 of the Complaint.

50.     Plaintiff feared for his job and his ability to continue working in the country and, as such, continued working more than forty hours per week while only receiving compensation for forty or less hours of work per week.

**ANSWER**:     Defendant denies the allegations in Paragraph 50 of the Complaint.

51.     Plaintiff's willingness to accept his predicament began to change in April of 2017 when Plaintiff was assigned to a new CVS project and a new manager, Shiva Bhat.

**ANSWER**:     Defendant admits that in April of 2017, Plaintiff was assigned a new project and, consequently, a new manager, Shiva Bhat.  Defendant states that it lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's remaining allegations in Paragraph 51 of the Complaint, and denies same accordingly.

52.     Between April 2017 and June 2017, Mr. Bhat forced his team, including Plaintiff, to work eleven hours shifts at CVS, engage in daily hour-long team conference calls at approximately midnight, and work nights and weekends on CVS and non-CVS-related projects.

US.119142620.04

**ANSWER**:    Defendant denies the allegations in Paragraph 52 of the Complaint.

53.    Plaintiff raised the fact that he was only being compensated for forty hours' worth of work each week and inquired about additional compensation, including overtime wages.

**ANSWER**:    Defendant states that Paragraph 53 of the Complaint lacks sufficient detail for Defendant to determine whether it has knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations, and denies the allegations in Paragraph 46 accordingly.

54.    Mr. Bhat told Plaintiff that this project required additional work that would not be compensated and that any employees who refused to work over forty hours without compensation would be terminated and sent back "to their country."

**ANSWER**:    Defendant denies the allegations in Paragraph 54 of the Complaint.

55.    Mr. Bhat told employees, including Plaintiff, that Defendant needed to provide this additional work (without charging or paying overtime) as Defendant was seeking to replace a competing software vendor as CVS's primary vendor.

**ANSWER**:    Defendant denies the allegations in Paragraph 55 of the Complaint.

56.    In addition, Mr. Bhat would often remark that the reason a company like CVS would utilize Defendant, despite there being a sufficient number of American workers who could perform the relevant work, was that no American worker would agree, like Defendant requires its employees to agree, to work overtime without additional compensation.

**ANSWER**:    Defendant denies the allegations in Paragraph 56 of the Complaint.

57.    Plaintiff, having already been reprimanded and threatened for daring to enter overtime hours in his timesheet, asked Mr. Bhat for permission to enter the overtime hours on his timesheet.

US.119142620.04

**ANSWER**:     Defendant denies the allegations in Paragraph 57 of the Complaint.

58.     Mr. Bhat quickly reprimanded Plaintiff for even asking for permission to be compensated for overtime work and reiterated that no workers on the project could ever enter overtime hours.

**ANSWER**:     Defendant denies the allegations in Paragraph 58 of the Complaint.

59.     Because he was not being compensated for any hours above forty, on one occasion, Plaintiff refused to come into work on a weekend so he could spend time with his family.

**ANSWER**:     Defendant states that it lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in Paragraph 59 of the Complaint, and denies same accordingly.

60.     On one occasion, Plaintiff also left work after his eight-hour shift had ended but before Mr. Bhat has "allowed" him to leave.

**ANSWER**:     Defendant denies the allegations in Paragraph 60 of the Complaint.

61.     Mr. Bhat reprimanded Plaintiff on both occasions and threatened to terminate him if he refused to work these additional hours without any compensation.

**ANSWER**:     Defendant denies the allegations in Paragraph 61 of the Complaint.

62.     The reason for Plaintiff missing weekend work and refusing to work at night was that his wife had suffered a serious medical issue about which Mr. Bhat and other agents of Defendant were aware.

US.119142620.04

**ANSWER**:    Defendant states that it lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in Paragraph 62 of the Complaint, and denies same accordingly.

63.    Specifically, on April 12, 2017, Plaintiff's wife was diagnosed with a miscarriage (her second in five months) and a dilation and curettage surgical procedure had to be performed.

**ANSWER**:    Defendant states that it lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in Paragraph 63 of the Complaint, and denies same accordingly.

64.    On April 14, 2017, Plaintiff's wife was admitted to the hospital due to an infection that was caused by the surgical procedure. She was prescribed medication and was under a doctor's care for the health issue through June of 2017.

**ANSWER**:    Defendant states that it lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in Paragraph 64 of the Complaint, and denies same accordingly.

65.    Plaintiff's wife was later diagnosed with depression due to her recurrent miscarriages.

**ANSWER**:    Defendant states that it lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in Paragraph 65 of the Complaint, and denies same accordingly.

66.    These facts were disclosed to Mr. Bhat in connection with Plaintiff's inability to work at night or on weekends for a period of time in April and May of 2017.

US.119142620.04

**ANSWER**:     Defendant admits that Plaintiff had mentioned family medical issues to Defendant and Defendant granted Plaintiff leave at his request, and denies the remaining allegations in Paragraph 66 of the Complaint.

67.     Mr. Bhat feigned concern when told about Plaintiff's wife's health issues but refused to allow Plaintiff to miss evening or weekend work.

**ANSWER**:     Defendant denies the allegations in Paragraph 67 of the Complaint.

68.     In fact, Mr. Bhat told Plaintiff that if he missed any work due to his wife's serious health condition, he would be terminated and "sent back to India."

**ANSWER**:     Defendant denies the allegations in Paragraph 68 of the Complaint.

69.     At no time did Mr. Bhat or the Defendant advise Plaintiff of his rights under the FMLA or issue a notice of eligibility once they discovered that Plaintiff's request to cease working could be subject to the FMLA.

**ANSWER**:     Defendant denies the allegations in Paragraph 69 of the Complaint.

70.     Ultimately, in June of 2017, Plaintiff could no longer continue to work under these circumstances and under constant fear of being terminated and removed from the country.

**ANSWER**:     Defendant admits that Plaintiff resigned his employment with Defendant in June of 2017, and denies the remaining allegations in Paragraph 70 of the Complaint

71.     As such, Plaintiff found a new job in New York that required him to move from Cumberland, RI to Norwalk, CT and incur expenses related to this move.

**ANSWER**:     Defendant admits that Plaintiff moved to Norwalk, CT, and states that it lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's remaining allegations in Paragraph 71 of the Complaint, and denies same accordingly

72. Plaintiff estimates that between May of 2015 and June of 2017, he worked approximately one thousand eighty-four overtime hours for Defendant, each of which was over and above his weekly forty hours, without any form of compensation.

**ANSWER**: Defendant denies the allegations in Paragraph 72 of the Complaint.

73. The increased overtime worked in 2017 and the refusal of Defendant to allow Plaintiff time off from work to care for his sick wife caused Plaintiff to suffer from various medical issues including anxiety, stress, chest pains, elevated blood pressure and an eye condition (due to the long hours working in front of a computer).

**ANSWER**: Defendant states that it lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations with respect to his medical issues, and denies the remaining allegations in Paragraph 73 of the Complaint.

74. Plaintiff obtained medical treatment and incurred medical expenses for these issues.

**ANSWER**: Defendant states that it lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations, and denies the allegations in Paragraph 74 accordingly.

75. Defendant also demanded that Plaintiff work this uncompensated overtime work at a time when Plaintiff was suffering from various family medical issues about which Defendant was aware.

**ANSWER**: Defendant denies the allegations in Paragraph 75 of the Complaint.

76. Plaintiff's paystubs often stated an inaccurate number of hours worked or no hours worked whatsoever.

US.119142620.04

**ANSWER**:     Defendant denies the allegations in Paragraph 76 of the Complaint.

77.     These issues with Plaintiff's paystubs were part of Defendant's attempt to conceal the Plaintiff's right to additional wages at the overtime rate of pay.

**ANSWER**:     Defendant denies the allegations in Paragraph 77 of the Complaint.

78.     In December of 2017, Defendant again mailed threatening correspondence to Plaintiff demanding repayment of wages from months earlier.

**ANSWER**:     Defendant admits that in December 2017 it sent Plaintiff a letter regarding overpaid wages, and denies the remaining allegations in Paragraph 78 of the Complaint.

79.     Much like the incident before, this error was the result of Defendant's software overwriting his non-CVS timesheet.

**ANSWER**:     Defendant denies the allegations in Paragraph 79 of the Complaint.

80.     In February of 2018, Plaintiff contacted Defendant to resolve his claim for unpaid wages and the threatening correspondence he had received in December of 2017.

**ANSWER**:     Defendant admits that in January of 2018 Plaintiff contacted Defendant regarding a wage dispute related to the April 2017-June 2017 time period, and denies the remaining allegations in Paragraph 80 of the Complaint.

81.     In seeking to resolve Plaintiff's claims, Defendant refused to consider any hours worked in 2015 and refused to conduct an investigation into the uncompensated hours worked by Plaintiff.

**ANSWER**:     Defendant denies the allegations in Paragraph 81 of the Complaint.

US.119142620.04

82.     Because Plaintiff swiped into and out of the CVS facility every day, such an investigation would have at least confirmed the number of on-site hours Plaintiff was required to work without compensation.

**ANSWER**:     Defendant admits that CVS required Plaintiff to swipe into and out of the CVS facility each day while working on certain projects and for certain teams.  Defendant denies the remaining allegations in Paragraph 82 of the Complaint.

83.     Instead, Defendant offered to pay Plaintiff twenty-five, and then fifty, hours' worth of wages to resolve his claim for unpaid wages.

**ANSWER**:     Defendant admits that it discussed in good faith with Plaintiff regarding his wage claims.  Defendant denies the remaining allegations in Paragraph 83 of the Complaint.

84.     Plaintiff refused this offer given that he estimates he worked over one thousand uncompensated overtime hours over the last three years.

**ANSWER**:     Defendant admits that Plaintiff refused Defendant's good-faith settlement offers, and denies the remaining allegations in Paragraph 84 of the Complaint.

85.     CVS's American employees were rarely required to work overtime hours on the various projects that Plaintiff worked on and, when they did, they were paid overtime wages.

**ANSWER**:     Defendant states that it compensates all employees for overtime hours worked, and denies the remaining allegations in Paragraph 85 of the Complaint.

86.     Defendant's refusal to pay wages, including overtime wages, was done willfully and with reckless disregard for the law.

**ANSWER**:     Defendant denies the allegations in Paragraph 86 of the Complaint.

US.119142620.04

87.     The actions taken by Defendant as detailed herein were intentional, arbitrary, unreasonable, tortious, willful, wanton, reckless, and in bad faith.

**ANSWER**:     Defendant denies the allegations in Paragraph 87 of the Complaint.

88.     As a result of the Defendant's actions as detailed herein, Plaintiff has suffered damages including loss of pay, loss of benefits, emotional distress, and humiliation.

**ANSWER**:     Defendant denies the allegations in Paragraph 88 of the Complaint

## COUNT I
### (Payment of Wages — R.I. Gen. Laws § 28-14-19.2)

89.     Plaintiff repeats and realleges Paragraphs 1-88 as if set forth in full herein.

**ANSWER**:     Defendant incorporates its answers to Paragraphs 1 through 88 as its answer to this statement in the Complaint.

90.     Plaintiff routinely worked between forty-five and sixty hours per week while employed by the Defendant.

**ANSWER**:     Defendant denies the allegations in Paragraph 90 of the Complaint.

91.     Defendant refused to pay any compensation, including at the overtime rate of pay, for any hours worked in excess of forty per week.

**ANSWER**:     Defendant denies the allegations in Paragraph 91 of the Complaint.

92.     Defendant also refused to pay Plaintiff wages for any hours worked when not at the CVS location.

**ANSWER**:     Defendant denies the allegations in Paragraph 92 of the Complaint.

93.     As such, on certain occasions, when Plaintiff worked less than forty hours at CVS but worked at least forty hours for Defendant, Defendant only paid for the hours listed in the

CVS timesheet despite the additional, non-overtime and overtime, hours being performed outside the CVS timesheet.

**ANSWER**:     Defendant denies the allegations in Paragraph 93 of the Complaint.

94.     Plaintiff does not qualify for any of the statutory exemptions contained in R.I. Gen. Laws § 28-12-4.3.

**ANSWER**:     Defendant admits the allegations in Paragraph 94 of the Complaint.

95.     As a result of these actions undertaken by the Defendant, as described herein, Plaintiff has suffered and continues to suffer damages.

**ANSWER**:     Defendant denies the allegations in Paragraph 95 of the Complaint.

**COUNT II**
**(Protection from Retaliation — R.I. Gen. Laws § 28-14-19.3)**

96.     Plaintiff repeats and realleges Paragraphs 1-95 as if set forth in full herein.

**ANSWER**:     Defendant incorporates its answers to Paragraphs 1 through 95 as its answer to this statement in the Complaint.

97.     When Plaintiff raised Defendant's failure to pay the wages to which he was entitled, the Defendant threatened Plaintiff with termination and forced removal from the country.

**ANSWER**:     Defendant denies the allegations in Paragraph 97 of the Complaint.

98.     The Defendant threatened Plaintiff because he asserted, supported, and reported in investigations and claim determinations of the unlawful failure to pay wages.

**ANSWER**:     Defendant denies the allegations in Paragraph 98 of the Complaint.

99.     The failure to pay Plaintiff overtime wages violated state law including R.I. Gen Laws § 28-14-1, *et seq.*

US.119142620.04

**ANSWER**:     Defendant denies the allegations in Paragraph 99 of the Complaint.

100.     Plaintiff reasonably and in good faith believed the failure to pay overtime wages violated state and/or federal law.

**ANSWER**:     Defendant denies the allegations in Paragraph 100 of the Complaint.

101.     As a result of the Defendant's retaliatory threats, Plaintiff was ultimately required to seek new employment as his employment was not secure and he was working hundreds of hours without any form of compensation.

**ANSWER**:     Defendant denies the allegations in Paragraph 101 of the Complaint.

102.     As a result of Defendant's actions, Plaintiff has suffered and continues to suffer damages.

**ANSWER**:     Defendant denies the allegations in Paragraph 102 of the Complaint.

### COUNT III
### (Family and Medical Leave Act – 29 U.S.C. § 2615(a)(1))

103.     Plaintiff repeats and realleges Paragraphs 1-102 as if set forth in full herein.

**ANSWER**:     Defendant incorporates its answers to Paragraphs 1 through 102 as its answer to this statement in the Complaint.

104.     Defendant is engaged in commerce or in an industry affecting commerce.

**ANSWER**:     Defendant admits the allegations in Paragraph 104 of the Complaint.

105.     Defendant employs, and has employed, more than fifty employees for each working day during each of twenty or more calendar workweeks in the current and preceding calendar year.

**ANSWER**:     Defendant admits the allegations in Paragraph 105 of the Complaint.

US.119142620.04

106.     Plaintiff has been employed for at least twelve 7months by Defendant and for at least 1,250 hours of service with Defendant during the previous 12-month period.

**ANSWER**:     Defendant denies the allegations in Paragraph 106 of the Complaint.

107.     In April of 2017, Plaintiff attempted to exercise his right to family medical leave, to which he was entitled pursuant to 29 U.S.C. § 2612, to care for his wife who was suffering from a serious health condition.

**ANSWER**:     Defendant denies the allegations in Paragraph 107 of the Complaint.

108.     Defendant forced Plaintiff to work his regular shift and then additional uncompensated hours despite being made aware of Plaintiff's potential rights under FMLA.

**ANSWER**:     Defendant denies the allegations in Paragraph 108 of the Complaint.

109.     The actions of Defendant in failing to issue a notice of eligibility, failing to otherwise advise Plaintiff of his rights under the FMLA, and threatening him with termination if his wife's serious health condition forced him to miss work, constituted interference with, restraint against, and denial of his right to family medical leave under the FMLA in violation of 29 U.S.C. § 2615(a)(1).

**ANSWER**:     Defendant denies the allegations in Paragraph 109 of the Complaint.

110.     As a result of these violations of law as described herein, Plaintiff has suffered and continues to suffer damages.

**ANSWER**:     Defendant denies the allegations in Paragraph 110 of the Complaint.

WHEREFORE, Defendant denies all liability and denies Plaintiff has sustained any damages as a result of Infosys's alleged acts or omissions, and requests that this Court enter judgment in its favor and against Plaintiff, including awarding Infosys its costs.

US.119142620.04

## JURY DEMAND

Plaintiff hereby demands a jury on all claims so triable.

**ANSWER**: Defendant admits that Plaintiff seeks a jury trial in this matter.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

1. Plaintiff's Complaint fails, in whole or in part, to state a claim against Defendant upon which relief can be granted.

2. At all times Plaintiff was paid the complete, correct and proper wages due in accordance with the applicable state and federal wage requirements.

3. To the extent Defendant failed to pay Plaintiff properly for any time allegedly worked, which Defendant denies, any such time is de minimus and therefore not recoverable.

4. Plaintiff's alleged damages were not caused by any willful or unlawful policy, custom, practice and/or procedure promulgated and/or permitted by Defendant.

5. Any act or omission by Defendant with respect to Plaintiff was taken in good faith, with proper motive, for legitimate and non-discriminatory reasons, and with reasonable grounds to believe that it was in full compliance with the R.I. Gen. Laws § 28-14-19.2 and R.I. Gen. Laws § 28-14-19.3.

6. If the unlawful acts and/or omissions alleged in the Complaint were engaged in by Defendant, which it denies, Defendant did not do so willfully or unlawfully.

7. Defendant's alleged failure to pay Plaintiff overtime wages, if at all, was in good faith in conformity with and in reliance on an administrative regulation, order, ruling, approval, interpretation, administrative practice, and/or enforcement policy of the United States Department of Labor or other applicable authority.

US.119142620.04

8.      If any illegal acts were taken by any of Defendant's employees against Plaintiff, which Defendant denies, the employee acted outside the scope of his or her employment and his or her actions were not approved by Defendant.

9.      Defendant provided complete and accurate notices of employee rights under the Family and Medical Leave Act in every United States workplace.

10.     Some or all of Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

11.     Defendant gives notice that it intends to rely upon any such other defenses as may become apparent or available during discovery proceedings in this case and reserves the right to amend its Answer to assert any such defenses.

WHEREFORE, Defendant prays for judgment in its favor, for its costs and expenses incurred herein, and for such other relief as this court deems just and equitable.

Dated: August 16, 2018                    Respectfully submitted,

                                          INFOSYS LIMITED


                            By: _/s/ Lindsey M. Hogan_____

US.119142620.04

Donna M. Lamontagne
Lamontagne, Spaulding & Hayes, LLP
100 Midway Road, Suite 15
Garden City Center
Cranston, RI 02920
Phone: 401-490-0955
Fax: 401-490-0555

George A. Stohner
Lindsey M. Hogan
Faegre Baker Daniels, LLP
311 S. Wacker Drive, Suite 4400
Chicago, IL 60606
Phone:  312.212.6500
Fax:  312.212.6501
george.stohner@faegrebd.com
lindsey.hogan@faegrebd.com
*Admitted Pro Hac Vice*

ATTORNEYS FOR DEFENDANT

US.119142620.04

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 16th day of August, 2018 I caused the within document to be filed and served through the electronic filing system on the following parties: Thomas J. Enright, Esq., Enright Law, LLC, 696 Reservoir Ave, Cranston, RI 02910. The document electronically filed and served is available for viewing and/or downloading from the CM/ECF System.

*/s/* Lindsey M. Hogan
Faegre Baker Daniels LLP

US.119142620.04